**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
————————————————————————————

**JAMES DONELLI, et al.,**

                    **Plaintiffs,**          **07 Civ. 2157 (JGK)**

          **- against -**                    **MEMORANDUM OPINION AND**
                                             **ORDER**

**COUNTY OF SULLIVAN, et al.,**

                    **Defendants.**
————————————————————————————

**JOHN G. KOELTL, District Judge:**

      This case concerns an allegation by plaintiff James Donelli
that he was forced to quit his job as a heavy duty crane
operator with the Sullivan County Department of Public Works
(the "Department").  Mr. Donelli's wife, Joanne Donelli, is also
a plaintiff in the case and seeks to recover for her financial
and emotional share in the same alleged injury.  The Amended
Complaint asserts claims against six defendants, including two
individual defendants who have not been served.  Three of the
defendants have filed separate but overlapping motions to
dismiss the Amended Complaint.  Those defendants are Sullivan
County, former head of the Department Peter Lilholt, and head of
engineering Robert Trotta (together, the "defendants").
Collectively, the defendants move to dismiss the Amended
Complaint for lack of subject matter jurisdiction and failure to
state a claim pursuant to Federal Rules of Civil Procedure
12(b)(1) and 12(b)(6), respectively; for failure to satisfy the

notice pleading requirements of Federal Rule of Civil Procedure 8(a) and, in the case of one of the plaintiffs' allegations, the heightened pleading requirements of Federal Rule of Civil Procedure 9(b); and because there is a substantially identical action pending in state court.

With respect to the final defendant – the Department – Sullivan County moves to dismiss any claims against that defendant because the Department is not distinguishable from Sullivan County and may not be sued as a separate legal entity.

The individual defendants have also filed cross-motions for sanctions pursuant to Federal Rule of Civil Procedure 11, and Sullivan County has indicated that it may file such a motion in the near future.

I

In defending a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of proving the Court's jurisdiction by a preponderance of the evidence. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In considering such a motion, the Court generally must accept the material factual allegations in the Complaint as true. See J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004). The Court does not, however, draw all

reasonable inferences in the plaintiff's favor.  Id.; Graubart
v. Jazz Images, Inc., No. 02 Civ. 4645, 2006 WL 1140724, at *2
(S.D.N.Y. Apr. 27, 2006).  Indeed, where jurisdictional facts
are disputed, the Court has the power and the obligation to
consider matters outside the pleadings, such as affidavits,
documents, and testimony, to determine whether jurisdiction
exists.  See APWU v. Potter, 343 F.3d 619, 627 (2d Cir. 2003);
Filetech S.A. v. France Telecom S.A., 157 F.3d 922, 932 (2d Cir.
1998); Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d
Cir. 1986).  In doing so, the Court is guided by that body of
decisional law that has developed under Federal Rule of Civil
Procedure 56.  Kamen, 791 F.2d at 1011; see also Tsering v.
Wong, No. 08 Civ. 5633, 2008 WL 4525471, at *1 (S.D.N.Y. Oct. 3,
2008); Melnitzky v. HSBC Bank USA, No. 06 Civ. 13526, 2007 WL
1159639, at *5 (S.D.N.Y. April 18, 2007).

On a motion to dismiss pursuant to Rule 12(b)(6), the
allegations in the Complaint are accepted as true.  Grandon v.
Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998).  In
deciding a motion to dismiss pursuant to Rule 12(b)(6), all
reasonable inferences must be drawn in the plaintiff's favor.
Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir.
1995); Cosmas v. Hassett, 886 F.2d 8, 11 (2d Cir. 1989).  The
Court's function on a motion to dismiss is "not to weigh the
evidence that might be presented at a trial but merely to

determine whether the complaint itself is legally sufficient."
Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985).  The
Court should not dismiss the Complaint if the plaintiff has
stated "enough facts to state a claim to relief that is
plausible on its face."  Twombly v. Bell Atl. Corp., 550 U.S.
544, 570 (2007).  "A claim has facial plausibility when the
plaintiff pleads factual content that allows the court to draw
the reasonable inference that the defendant is liable for the
misconduct alleged."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949
(2009).  While the Court should construe the factual allegations
in the light most favorable to the plaintiff, "the tenet that a
court must accept as true all of the allegations contained in a
complaint is inapplicable to legal conclusions."  Iqbal, 129 S.
Ct. at 1949; see also Port Dock & Stone Corp. v. Oldcastle Ne.,
Inc., 507 F.3d 117, 121 (2d Cir. 2007); Smith v. Local 819
I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002); Powe v.
Cambium Learning Co., No. 08 Civ. 1963, 2009 WL 2001440, at *1
(S.D.N.Y. July 9, 2009).

The bulk of the plaintiffs' claims are governed by the
basic requirements of notice pleading set forth in Rule 8(a).
Rule 8(a) provides that a pleading must contain: "(1) a short
and plain statement of the grounds for the court's jurisdiction,
unless the court already has jurisdiction and the claim needs no
new jurisdictional support; [and] (2) a short and plain

statement of the claim showing that the pleader is entitled to
relief . . . ." Fed. R. Civ. P. 8(a). "[T]he purpose of Rule
8(a)(2) is to give fair notice of a claim and the grounds upon
which it rests so that the opposing party may identify the
nature of the case, respond to the complaint, and prepare for
trial." Elektra Entertainment Group, Inc. v. Barker, 551 F.
Supp. 2d 234, 238 (S.D.N.Y. 2008) (internal quotation marks
omitted); see also Leibowitz v. Cornell Univ., 445 F.3d 586, 591
(2d Cir. 2006).

The Amended Complaint also contains an alleged violation of
the Racketeer Influenced and Corrupt Organizations Act ("RICO"),
18 U.S.C. § 1961 et seq. In part the RICO claim appears to be
based on an alleged conspiracy, rather than predicate acts of
fraud. (Am. Compl. ¶ 19 ("Defendants, in their conspiracy . . .
.").) "[T]he pleading requirements with respect to a RICO
conspiracy . . . are governed by Federal Rule of Civil Procedure
8(a), not Rule 9(b)." Gulf Coast Development Group, LLC v.
Lebror, No. 02 Civ. 6949, 2003 WL 22871914, at *4 (S.D.N.Y. Dec.
4, 2003); see also Hecht v. Commerce Clearing House, Inc., 897
F.2d 21, 26 n.4 (2d Cir. 1990). However, the RICO claim also
appears to be based on predicate acts of fraud. To the extent
that is so, the claim is subject to the heightened pleading
standard of Rule 9(b). See Moore v. PaineWebber, Inc., 189 F.3d
165, 172 (2d Cir. 1999). Rule 9(b) provides that "[i]n alleging

fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).  In order to meet the heightened pleading standard provided by Rule 9(b), a complaint must "specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiffs contend the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements."  Moore, 189 F.3d at 173.


                                    II

     The following facts alleged in the Amended Complaint are accepted as true for purposes of these motions to dismiss, unless otherwise indicated.

     At the time of the events alleged in the Amended Complaint, Mr. Donelli worked as a heavy duty crane operator with Sullivan County, specifically the Sullivan County Department of Public Works.  (Am. Compl. ¶¶ 3, 11.)  Defendant Lilholt was the Commissioner of the Department and defendant Trotta was the head of engineering.  (Am. Compl. ¶ 13.)  It is unclear who Mr. Donelli's direct boss was at the Department.  Whoever the supervisor was, the supervisor allegedly made Mr. Donelli work during his honeymoon and wrote critical reports about his work.

(Am. Compl. ¶¶ 11-12.)  According to Mr. Donelli, the negative reports and other injustices visited upon him during his employment – which included the denial of promotions, false accusations, and intimidation (Am. Compl. ¶ 51) – were due to the corruption of "all of the heads (bosses)" of the Department, including the individual defendants in this case.  (Am. Compl. ¶ 13.)  The Amended Complaint appears to allege that the heads of the Department were engaged in a scam wherein they ordered highway maintenance equipment purportedly for Sullivan County but appropriated the equipment for their own use and resale. (Am. Compl. ¶¶ 14, 16, 19.)  The plaintiffs characterize this conduct as follows: "Defendants, in their conspiracy and control over the Division of Public Works has usurped their indicia of authority to purchase and illegally and improperly appropriate and steal heavy duty highway maintenance equipment . . . in interstate transactions."  (Am. Compl. ¶ 19.)

The plaintiffs allege that "some or all of the defendants" tampered with and falsified Mr. Donelli's employment work records, along with those of other employees, in order to blackmail Mr. Donelli and other employees to keep quiet about corruption in the Department.  (Am. Compl. ¶¶ 3, 31.)[1]  Mr. Donelli complained of corruption in the Department and of the

---

[1]     It is not clear whether the allegation that the individual defendants falsified Mr. Donelli's records includes Mr. Trotta.  (Am. Compl. ¶ 114.) The Court assumes that the allegation includes Mr. Trotta.  The assumption has no impact on the resolution of these motions to dismiss.

falsification of his employment records upon returning from his honeymoon, including making complaints to county and state government officials.  (Am. Compl. ¶¶ 46, 93.)  Such complaints allegedly provoked the defendants into further abuse of Mr. Donelli.  (Am. Compl. ¶¶ 93-94.)  The gist of the Amended Complaint is that the defendants' harsh and improper treatment of Mr. Donelli at the workplace forced him to resign.

The Amended Complaint also alleges that when the corruption in the Department became known and criminal proceedings were about to commence against certain of the allegedly corrupt actors, including Mr. Lilholt, Mr. Donelli's falsified records were burned or otherwise removed or destroyed in a deliberate arson at the Sullivan County Clerk's Office.  (Am. Compl. ¶¶ 3, 32.)[2]

The plaintiffs allege that prior to the arson in which Mr. Donelli's records were allegedly destroyed, there was an unauthorized break-in at the same building during which Mr. Donelli's employee file was tampered with "and/or burned and destroyed."  The plaintiffs allege that Mr. Lilholt and Mr. Trotta were present at the time of the break-in.  (Am. Compl. ¶ 118.)  The plaintiffs do not explain how Mr. Donelli's file could have been destroyed twice.

---

[2]    It is unclear from the Amended Complaint whether the plaintiffs allege that either of the individual defendants was the arsonist.  Whether that allegation is made has no bearing on the resolution of these motions to dismiss.

III

The Amended Complaint alleges seven causes of action, five of which are at issue on these motions to dismiss.[3]  The structure of the Amended Complaint makes it difficult to ascertain precisely what claims the plaintiffs seek to assert against which defendants.  The Amended Complaint essentially presents a melange of federal statutes and constitutional provisions in its opening paragraphs, which are incorporated by reference into each of the five causes of action at issue.  The five causes of action themselves (beginning at ¶ 62 of the Amended Complaint) which are directed at different defendants, make no reference to any federal laws except for RICO, and provide no explanation with respect to how the facts alleged throughout the Amended Complaint constitute a violation of any federal law.  Therefore, the Court assumes that each of the five causes of action asserts all of the violations alleged in the opening paragraphs of the Amended Complaint – the paragraphs that precede the description of the first cause of action.  Put another way, construing the Amended Complaint in the light most

---

[3]     The remaining two causes of action – numbers four and five – are alleged against the individual defendants who have not been served and are not parties to these motions to dismiss.  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the plaintiff should have filed a summons and complaint on those defendants, Phillip Nicoletti and Richard Caraluzzo, within 120 days of the date on which the complaint was filed.  There is no record that this was done.  Unless the plaintiff serves those defendants by August 28, 2009, this action will be dismissed without prejudice against those defendants.

favorable to the plaintiffs, the Court assumes that all of the causes of action made in the Amended Complaint are asserted against all of the defendants.


                                    IV

     When presented with motions under both Federal Rule of Civil Procedure 12(b)(1) to dismiss for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted, the Court must first analyze the Rule 12(b)(1) motion to determine whether the Court has the subject matter jurisdiction necessary to consider the merits of the action.  See Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 2000); Tsering v. Wong, 2008 WL 4525471, at *1.

     The defendants argue that the plaintiffs have not alleged any violation of federal law, and therefore the Amended Complaint should be dismissed for lack of subject matter jurisdiction.[4]  The plaintiffs have named an abundance of federal statutes and constitutional provisions in the Amended Complaint. However, the defendants argue that a catalogue of federal laws is insufficient to allege a jurisdictional basis for a claim,

---

[4]      There is no allegation of diversity jurisdiction in the Amended Complaint.

and that the plaintiffs have failed to allege facts supporting a jurisdictional basis for any of their claims.

"Because of the more-than-occasional difficulties involved in parsing a claim alleging federal question jurisdiction to determine whether it fails to state a claim or fails to meet jurisdictional requirements, the federal courts have followed a general practice of granting jurisdiction in most cases and dismissing for lack of subject matter jurisdiction only under narrow circumstances." Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1188 (2d Cir. 1996). "[W]here a federal question is alleged, federal jurisdiction is generally present, and . . . . Rule 12(b)(1) generally is not invoked except where the alleged federal question 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.'" Claudio v. United States, No. 94 Civ. 5220, 1996 WL 449329, at *3 (E.D.N.Y. July 31, 1996) (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)) (internal citation omitted).

The Court cannot say that the allegations of violations of federal law made in the Amended Complaint are made solely for the purpose of obtaining jurisdiction or are wholly insubstantial. As discussed below, construed liberally, the Amended Complaint appears to allege a violation of due process under § 1983 based on Mr. Donelli's forced resignation and loss

of public employment.  (Am. Compl. ¶¶ 51-56.)  An allegation of

a due process violation that is actionable under § 1983 provides

a basis for federal jurisdiction, although § 1983 does not

itself create federal jurisdiction.  See, e.g., Ahlers v. Goord,

No. 00 Civ. 1221, 2001 WL 477238, at *3 (E.D.N.Y. Feb. 16, 2001)

("Federal courts have jurisdiction to hear § 1983 suits both as

a federal question under 28 U.S.C. § 1331 and also under 28

U.S.C. § 1343(3) . . . .").[5]  Whether the Amended Complaint

actually succeeds in stating a claim for the violation of due

process under § 1983 is unrelated to the jurisdictional

question.  See Bell, 327 U.S. at 682 ("[I]t is well settled that

the failure to state a proper cause of action calls for a

judgment on the merits and not for a dismissal for want of

jurisdiction.").

Because the plaintiffs have alleged a non-frivolous claim

for the violation of due process pursuant to § 1983, the Court

has jurisdiction over the Amended Complaint.  Cf. Hotel

Syracuse, Inc. v. Young, 805 F. Supp. 1073, 1082 (N.D.N.Y. 1992)

(dismissing action under Rule 12(b)(6) rather than 12(b)(1)

where "[a] careful review of plaintiffs' complaint leads the

---

[5]     The Amended Complaint makes reference to § 1343.  To the extent the
Amended Complaint fails to refer to § 1331 or otherwise to make explicit the
appropriate basis for jurisdiction, that failure does not affect the analysis
because it is clear that the Amended Complaint, liberally construed, alleges
a claim arising under federal law as required under that provision.  See,
e.g., Harary v. Blumenthal, 555 F.2d 1113, 1115 n.1 (2d Cir. 1977) ("When the
complaint pleads facts from which federal jurisdiction may be inferred . . .
the insufficiency of the jurisdictional allegation is not controlling, and
the action need not be dismissed.").

court to conclude that the § 1983 claim is not 'immaterial to the true thrust of the complaint' nor 'wholly insubstantial and frivolous'") (quoting <u>Bell</u>, 327 U.S. at 681-82).[6]

V

The defendants move to dismiss the Amended Complaint for failure to state a claim and failure to satisfy the notice pleading requirements set forth in Federal Rule of Civil Procedure 8(a) and, in the case of one claim, the heightened pleading requirements of Rule 9(b).  The Court analyzes each violation of federal law alleged in the Amended Complaint in turn.

The plaintiffs assert a claim for the violation of their civil rights under 42 U.S.C. § 1983.  To state a claim under § 1983, the plaintiff "must allege (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." <u>Dwyer v. Regan</u>, 777 F.2d 825, 828 (2d Cir. 1985); <u>see also</u> <u>Fry v. McCall</u>, No. 95 Civ. 1915, 1999 WL 359766,

---

[6]     The plaintiffs allege the violation of other federal statutes and constitutional provisions as well.  The plaintiffs name those statutes and constitutional provisions explicitly and the Court cannot find that the plaintiffs invoke them solely to obtain federal question jurisdiction or that their invocation is frivolous.  Therefore the Court also analyzes those claims under Rule 12(b)(6) and Rule 8(a) rather than dismissing them pursuant to Rule 12(b)(1).  This has no bearing on the resolution of the motions to dismiss.

at *8 (S.D.N.Y. June 4, 1999) ("To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove that she was deprived of a right secured by the Constitution or federal laws by a person acting under color of state or territorial law."); Tolliver v. New York State Corrections Officers, No. 99 Civ. 9555, 2000 WL 1154311, at *5 (S.D.N.Y. Aug. 14, 2000).

The initial invocation of § 1983 in the Amended Complaint fails to state a claim because it does not explain what the constitutional violation was that would be actionable under § 1983.  It is not sufficient simply to accuse the defendants of conduct that violated § 1983.  "[Section] 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393-94 (1989) (internal quotation marks omitted); see also Stanley v. Muzio, No. 07 Civ. 59, 2007 WL 776666, at *2 (D. Conn. Mar. 13, 2007) ("To state a section 1983 claim, [the plaintiffs] must identify a constitutionally or federally protected right that was violated by these defendants.").  In failing to ground their initial § 1983 claim in the violation of any specific federal right, the plaintiffs have failed to state a claim under § 1983.  Moreover, the plaintiffs have failed to satisfy the notice pleading requirements set forth in Federal Rule of Civil Procedure 8(a) for purposes of their initial § 1983 claim, because without

knowing what rights their conduct allegedly violated the
defendants are not on notice with respect to the claim that is
alleged against them and cannot defend against the claim.  Cf.,
e.g., In re Novagold Resources Inc. Sec. Litig., No. 08 Civ.
7041, 2009 WL 1575220, at *11 n.5 (S.D.N.Y. June 5, 2009)
(dismissing allegations that "fail to give defendants fair
notice of how they provide the grounds for a [federal] claim").

Elsewhere in the Amended Complaint the plaintiffs appear to
allege a violation of their constitutional right to due process
under § 1983.  The gist of the claim, construed liberally, is
that by forcing him to resign, the defendants deprived Mr.
Donelli of a property right through the denial of his interest
in continued employment.  An interest in continued employment
may constitute a protected property right for purposes of due
process in certain circumstances.  See, e.g., Abramson v.
Pataki, 278 F.3d 93, 99 (2d Cir. 2002) ("[I]n this circuit, a
person may possess a protected interest in public employment if
contractual or statutory provisions guarantee continued
employment absent 'sufficient cause' for discharge or he can
prove a de facto system of tenure."); Donato v. Plainview-Old
Bethpage Cent. School Dist., 96 F.3d 623, 629 (2d Cir. 1996)
("State law . . . guides us in deciding whether plaintiff
possessed only an unprotected unilateral expectation of
employment, or instead had a constitutionally-protected

'legitimate claim of entitlement.'"); cf. Perfetto v. Erie
County Water Auth., No. 03 Civ. 439E, 2006 WL 1888556, at *9
(W.D.N.Y. July 7, 2006).  However, the plaintiffs have not
alleged that any such circumstances exist here.  Therefore, the
plaintiffs' forced resignation claim fails to state a claim
under § 1983.  Cf. Jaeger v. Bd. of Educ. of the Hyde Park Cent.
School Dist., 125 F.3d 844, at *2 (2d Cir. 1997) (affirming
dismissal of due process claim based on forced resignation under
Rule 12(b)(6) where "[the plaintiff] points to no law which
establishes a protected interest in his job").

     Even assuming arguendo that Mr. Donelli had a protected
interest in continued employment, his due process claim based on
the alleged forced resignation would still fail to state a claim
under § 1983.  "[T]here is no constitutional violation (and no §
1983 action) when there is an adequate state postdeprivation
procedure to remedy a random, arbitrary deprivation of property
or liberty."  Hellenic Am. Neighborhood Action Comm. v. City of
New York, 101 F.3d 877, 882 (2d Cir. 1996).  In New York State,
a plaintiff can challenge a forced resignation through an
Article 78 petition.  See Giglio v. Dunn, 732 F.2d 1133, 1134
(2d Cir. 1984) ("Assuming . . . that his resignation was
coerced, Article 78 . . . made available to [the plaintiff] both
a hearing and a means of redress.");  see also Jaeger, 125 F.3d
at *2; Monroe v. Schenectady County, 1 F. Supp. 2d 168, 172

(N.D.N.Y. 1997), aff'd, 152 F.3d 919 (2d Cir. 1998) ("[I]t is well established in this Circuit that [an Article 78] proceeding provides an adequate post-deprivation remedy where a plaintiff alleges he was coerced into surrendering an employment-based property or liberty interest."); Perfetto, 2006 WL 1888556, at *9.  Therefore, the allegation of forced resignation in this case does not state a due process claim that is actionable under § 1983.

The plaintiffs allege that the defendants violated 42 U.S.C. § 1985 by conspiring to obstruct justice or intimidate a party, witness, or juror, and by conspiring to deprive persons of rights and privileges.  See 42 U.S.C. § 1985(2) & (3).  In response to Sullivan County's motion to dismiss, the plaintiffs withdrew any allegation of conspiracy to intimidate a juror.  (Pls.' Aff. (Sullivan) ¶ 14.)  To the extent the plaintiffs did not withdraw the balance of their § 1985 claims, the plaintiffs have failed to state a claim under § 1985 because the Amended Complaint does not explain how any of the defendants violated § 1985.  The reference to § 1985 in the Amended Complaint is not linked to any facts.  Moreover, nowhere in the Amended Complaint do the plaintiffs allege facts indicating a conspiracy to obstruct justice or intimidate a party or witness, or to deprive persons of rights and privileges, despite the use of the word "conspiracy" in various sections of the Amended Complaint.  Cf.

17

Hampton Bays Connections, Inc. v. Duffy, 127 F. Supp. 2d 364, 376 (E.D.N.Y. 2001) ("[M]ere mention of that word is insufficient to allege a conspiracy under section 1985.  Indeed, conclusory, vague, and general allegations of conspiracy do not survive a motion to dismiss.").  Therefore, the plaintiffs fail to state a claim of conspiracy under § 1985.  The Amended Complaint also fails to satisfy the pleading requirements of Rule 8(a) with respect to the § 1985 claim because the claim, which is not linked to any facts alleged in the Amended Complaint, does not put the defendants on notice as to the nature of the allegation against them.

The plaintiffs allege a violation of 42 U.S.C. § 1986 for failure to prevent the commission of a crime that was the subject of a conspiracy actionable under § 1985.  See 42 U.S.C. § 1986.  The plaintiffs have failed to state a claim for a violation of § 1986.  The plaintiffs do not plead any facts in connection with their reference to § 1986.  In any event, the plaintiffs have failed to state a claim for a conspiracy under § 1985, and thus they cannot state a claim for failure to prevent the object of that insufficiently pleaded conspiracy from occurring.  Moreover, because the Amended Complaint does not explain how the facts alleged therein relate in any way to § 1986, it falls short of the notice pleading requirements set forth in Rule 8(a) with respect to the § 1986 claim.

The plaintiffs make reference to 42 U.S.C. § 1988.  The plaintiffs do not explain the purpose of the reference.  Section 1988 provides that "in the event a federal civil rights statute is 'deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law . . . shall be extended to and govern the said courts and trial in the disposition of the cause . . . .'"  Hardin v. Straub, 490 U.S. 536, 538 n.3 (1989) (quoting 42 U.S.C. § 1988).  The plaintiffs do not explain what federal civil rights statute is deficient in what way relative to the allegations in the Amended Complaint.  In any event, the potential applicability of § 1988, which concerns remedies, is immaterial to the question of whether the plaintiffs have stated a claim that the defendants are liable for a civil rights violation under federal law.  See Gonzalez v. Doe, 476 F.2d 680, 685 (2d Cir. 1973) ("Manifestly the nature of an appropriate remedy, which assumes the existence of liability, is irrelevant to the question of whether liability can attach in the first place.").  Therefore the plaintiffs' invocation of § 1988 is immaterial to these motions to dismiss.

The plaintiffs allege that the defendants violated 18 U.S.C. § 1962, the civil RICO statute.  That statute makes it unlawful "for any person employed by or associated with any enterprise . . . to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through

a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962.  To state a RICO claim under Section 1962(c), the plaintiffs must allege that the defendants engaged in "(1) conduct (2) of an enterprise (3) through a pattern of (4) racketeering activity." Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 (1985).  See also Ben Hur Moving & Storage, Inc. v. Better Business Bureau, No. 08 Civ. 6572, 2008 WL 4702458, at *3 (S.D.N.Y. Oct. 3, 2008).[7]

The gist of the plaintiffs' RICO claim is that the defendants were involved in an enterprise that entailed the purchase of heavy duty highway maintenance equipment in the name of Sullivan County and the illegal appropriation of such equipment for personal use and sale.  The plaintiffs also appear to allege, pursuant to 18 U.S.C. § 1962(d), that the defendants conspired to participate in this enterprise.

The plaintiffs fail to state a RICO claim.  First, the plaintiffs lack standing to bring a RICO claim.  "[T]he reasonably foreseeable victims of a RICO violation are the targets, competitors and intended victims of the racketeering enterprise." Lerner v. Fleet Bank, N.A., 318 F.3d 113, 124 (2d Cir. 2003).  "[C]ourts routinely find that . . . plaintiffs lack standing to bring a RICO claim, where the plaintiff's injuries

---

[7]    The plaintiffs do not specify that they allege their claim under § 1962(c).  However, that is the only plausible interpretation of the Amended Complaint.  The facts alleged in the Amended Complaint do not conceivably implicate §§ 1962(a) and (b).

are caused not by the RICO violations themselves, but by the exposure of those acts, or where the plaintiff seeks to recover for injuries caused by his refusal to aid and abet the violations." Hollander v. Flash Dancers Topless Club, 340 F. Supp. 2d 453, 459-60 (S.D.N.Y. 2004). The plaintiffs have not explained how the injury they have alleged – the forced resignation of Mr. Donelli – was caused by the defendants' alleged appropriation of highway equipment. There is no allegation that Mr. Donelli was the target, competitor, or intended victim of the alleged racketeering enterprise. The apparent target or victim of the alleged conspiracy was Sullivan County, from which equipment was allegedly stolen. The only allegation of a causal link between the alleged enterprise and the forced resignation is that the defendants forced Mr. Donelli to resign because he would not keep quiet about the corruption in the Department. Put another way, the only causal allegation is that Mr. Donelli was forced to resign because he blew the whistle on the alleged enterprise and refused to participate in the alleged enterpise. However, allegations of injuries resulting from whistle blowing and non-participation in an enterprise are insufficient to confer standing for a civil RICO claim. See Hecht v. Commerce Clearing House, Inc., 713 F. Supp. 72, 75 (S.D.N.Y. 1989), aff'd, 897 F.2d 21 (2d Cir. 1990); Burdick v. Am. Express Co., 677 F. Supp. 228, 229-30 (S.D.N.Y.

1988).  Because the only plausible causal connection between the alleged enterprise and the alleged injury is insufficient to support standing, the plaintiffs lack standing for their civil RICO claim.

Moreover, the plaintiffs have not pleaded their civil RICO claim with sufficient particularity.  To the extent the claim is based on predicate fraudulent acts, the claim is subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).  The Amended Complaint falls short of those requirements.  The extent of the allegations is that the defendants "usurped their indicia of authority to purchase and illegally and improperly appropriate and steal heavy duty highway maintenance equipment . . . ."  (Am. Compl. ¶ 19.)  No details are provided with respect to any specific fraudulent statements, the speaker of any such statements, or where and when any such statements were made.[8]

Therefore, the plaintiffs lack standing to assert a civil RICO claim and, in any event, have failed to plead a civil RICO claim with sufficient particularity.

---

[8]      To the extent the RICO claim is based on a conspiracy, the Amended Complaint fails to allege a conspiracy, as explained above.  See also Hecht, 897 F.2d at 26 n.4 ("[The plaintiff's] pleading of a conspiracy, apart from the underlying acts of fraud, is properly measured under the more liberal pleading requirements of Rule 8(a).  Even so, the complaint must allege some factual basis for a finding of a conscious agreement among the defendants.") (internal citations omitted).

The plaintiffs make reference to 42 U.S.C. §§ 1981 and 1982.  The plaintiffs have failed to state a claim under either of those provisions.

Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . ."  42 U.S.C. § 1981.  The plaintiffs do not connect their reference to § 1981 to any facts alleged in the Amended Complaint, and do not explain how the defendants violated § 1981.  Therefore, the plaintiffs' § 1981 claim does not meet the notice pleading requirements set forth in Rule 8(a).

In any event, "[i]n order to establish a prima facie case of discriminatory discharge in violation of 42 U.S.C. § 1981, a plaintiff must show (1) that he belongs to a protected class, (2) that he was performing his duties satisfactorily, (3) that he was discharged, and (4) that his discharge occurred in circumstances giving rise to an inference of discrimination on the basis of his membership in that class."  McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997).  The plaintiffs have failed to allege any such facts, including that Mr. Donelli is a member of a protected class.  Mr. Donelli does not dispute that

23

he is a white male.  Mr. Donelli contends that he is a member of a protected class because he is a "dedicated, honest and hard working employee of the defendant County of Sullivan and its Department of Public Works . . . ."  (Am. Compl. ¶ 55.)  There is no legal authority supporting the proposition that this is in fact a protected class within the meaning of the statute.  Not all persons, worthy though they may be, fall within the protection of this particular statute.  Therefore, the plaintiffs have not stated a claim under § 1981.

Section 1982 provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."  42 U.S.C. § 1982.  "Like § 1981, § 1982 requires that the plaintiff show racial or ethnic animus toward a protected class." Rivera v. United States, 728 F. Supp. 250, 261 (S.D.N.Y. 1990), aff'd in part, vacated in part, 928 F.2d 592 (2d Cir. 1991).  As discussed above, the plaintiffs have failed to show racial or ethnic animus toward a protected class, or indeed to allege that Mr. Donelli is a member of a protected class.  The plaintiffs have also failed to allege any facts to show any interference with the rights protected by the statute.  For these reasons,

among others, the plaintiffs have failed to state a claim under § 1982.[9]

The Amended Complaint makes reference to 42 U.S.C. §§ 2004, 2004a, 2004b, and 2005.  The plaintiffs have withdrawn the allegations made pursuant to these statutes, which concern the powers of the Surgeon General of the United States with respect to the provision of sanitation facilities and services, among other things.  The Amended Complaint also makes reference to 42 U.S.C. § 2006.  There is no such statute and therefore the plaintiffs cannot state a claim under such statute.

The plaintiffs allege that the defendants violated their rights under the Fifth and Fourteenth Amendments of the Constitution.  This appears to be an allegation of a due process violation based on Mr. Donelli's forced resignation.  For the reasons explained above, the plaintiffs have failed to state a claim for a due process violation based on Mr. Donelli's alleged forced resignation.

The plaintiffs also allege that the defendants violated their right to equal protection under the Fourteenth Amendment.  "The Equal Protection Clause requires that the Government treat all similarly situated people alike."  Harlen Associates v. Inc. Vill. of Mineola, 273 F.3d 494, 499 (2d Cir. 2001).  "[T]he

---

[9]    The § 1982 claim also fails to satisfy the notice pleading requirements of Rule 8(a) because the Amended Complaint nowhere alleges how the defendants violated § 1982.

prototypical equal protection claim involves discrimination against people based on their membership in a vulnerable class . . . ." Id. For the reasons explained above, Mr. Donelli has not succeeded in alleging that he is a member of such a class.

Courts also recognize equal protection claims by individuals "who allege no specific class membership but are nonetheless subjected to invidious discrimination at the hands of government officials." Id. The Supreme Court has instructed that "[o]ur cases have recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam). The plaintiffs in this case have made no such allegation. Indeed, the Amended Complaint makes a point of saying that Mr. Donelli's plight was shared by his fellow Department employees. Therefore, the plaintiffs have failed to state an equal protection claim.

The plaintiffs invoke the doctrine of "constructive discharge," alleging that the denial of promotions, negative work reports, and intimidation suffered by Mr. Donelli, among other things, constituted a constructive discharge from his employment. A plaintiff may establish constructive discharge by showing that the employer deliberately made the conditions of

employment so intolerable that he was forced into an involuntary resignation.  See Stetson v. NYNEX Serv. Co., 995 F.2d 355, 360 (2d Cir. 1993).  The plaintiffs have alleged forced resignation in this case.  However, the allegation of a constructive discharge is not a cause of action in itself.  Rather, the concept of constructive discharge is one means of establishing the "discharge" element of an employment discrimination claim. Cf. id.; cf. also Ali v. Bank of New York, 934 F. Supp. 87, 93 (S.D.N.Y. 1996) ("Even if the plaintiff had established that he was constructively discharged, he has failed to present evidence demonstrating that this discharge occurred under circumstances giving rise to an inference of discrimination based on his race, color, or national origin . . . .").  An allegation of constructive discharge acquires meaning in the context of a discrimination claim.  See Terry v. Ashcroft, 336 F.3d 128, 152 (2d Cir. 2003) ("[T]o state a prima facie case of constructive discharge, [a plaintiff] must establish that the constructive discharge occurred in circumstances giving rise to an inference of discrimination on the basis of his membership in a protected class." (internal quotation marks omitted)).  As explained above in the context of the § 1981 claim, the plaintiffs have failed to state a discrimination claim.  Therefore, the concept of constructive discharge is unavailing to the plaintiffs.

Finally, the plaintiffs seek to impute liability to Sullivan County by alleging a custom or practice of consenting to the illegal conduct of the employees of the Department.  See Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978) ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983.").  However, there can be no municipal liability in this case because, for all of the reasons explained above, the plaintiffs have failed to state a claim for any underlying constitutional violation.  Cf. Alcantara v. City of New York, No. 07 Civ. 6480, 2009 WL 1767624, at *12 n.3 (S.D.N.Y. June 23, 2009); Phillips v. DeAngelis, 571 F. Supp. 2d 347, 359 (N.D.N.Y. 2008).  Therefore, the allegation that Sullivan County had a custom or policy of indulging the illegal conduct of its employees fails to state a claim against Sullivan County.[10]

The Amended Complaint contains a number of allegations of the violation of state law, including a claim that the

---

[10]    The plaintiffs also invoke the doctrine of respondeat superior to impute liability to Sullivan County.  However, "the theor[y] of respondeat superior . . . [is] [an] avenue[] to establish vicarious liability, and . . . do[es] not stand alone as [a] substantive cause of action."  Brady v. Lynes, No. 05 Civ. 6540, 2008 WL 2276518, at *5 (S.D.N.Y. June 2, 2008).  Therefore, because the plaintiffs fail to state a claim under their substantive causes of action, the doctrine of respondeat superior is unavailing to them.  In any event, the doctrine of respondeat superior would not apply to the plaintiffs' federal claims.  See Ciarolo v. City of New York, 216 F.3d 236, 242 (2d Cir. 2000) ("Municipal liability under § 1983 occurs, if at all, at the level of policy-making, and cannot be premised on a theory of respondeat superior.").

defendants violated New York Civil Service Law 75-b, commonly known as the "Whistle Blower Law," and a string of negligence claims.  To the extent the Court could exercise supplemental jurisdiction over these claims even after dismissing the federal claims for the reasons explained above, it declines to do so. See 28 U.S.C. § 1367(c)(3); see also Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003) ("'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendant jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims.'") (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 349-50 (1988)); cf., e.g., Gordon v. Palumbo, No. 07 Civ. 6624, 2009 WL 690647, at *11 (S.D.N.Y. Mar. 9, 2009).

For all of the foregoing reasons, the first, third, and sixth causes of action, which collectively are directed at the defendants who are party to the motions before the Court, should be dismissed.  The seventh cause of action is asserted on behalf of Joanne Donelli and is based on the fact that she is the wife of James Donelli.  To the extent this cause of action is a derivative claim based on the alleged violation of federal law against James Donelli, the cause of action is dismissed because of the failure to allege sufficient federal claims on behalf of

James Donelli.  To the extent this cause of action is a
derivative claim based on state claims by James Donelli, the
Court declines to exercise supplemental jurisdiction over this
cause of action.  The plaintiffs have failed to state a claim
under the statutory and constitutional provisions listed in the
Amended Complaint, and with respect to many of the alleged
statutory violations have failed even to satisfy the
requirements of notice pleading.

The second cause of action should also be dismissed.   That
cause of action directs the same allegations that are in the
other causes of action against the Department, as a separate
entity from Sullivan County.  But "departments . . . which are
merely administrative arms of a municipality, do not have a
legal identity separate and apart from the municipality and
cannot sue or be sued."  Fanelli v. Town of Harrison, 46 F.
Supp. 2d 254, 257 (1999).  Plainly, Sullivan County is the real
party in interest, rather than the Department.  Cf. id.
Therefore, the second cause of action is also dismissed.

Moreover, the first, second, third, and sixth causes of
action, and the seventh cause of action to the extent it
attempts to assert federal claims, should be dismissed with
prejudice.  At the conference in this matter on July 6, 2009,
the Court explicitly gave the plaintiffs the option of filing a
Second Amended Complaint in response to any arguments made in

30

the pending motions to dismiss.  The Court made clear that if
the plaintiffs chose not to file a Second Amended Complaint but
instead to proceed with the Amended Complaint in its current
form, the Court would decide the pending motions and if the
motions had merit, the Amended Complaint would be dismissed with
prejudice.  Plaintiffs' counsel indicated that he wished to
proceed with the Amended Complaint in its current form and that
he would not file a Second Amended Complaint.  The Court issued
an Order on July 6, 2009 reflecting the substance of the
conference and indicating that based upon the decision by
plaintiffs' counsel, the Court would decide the pending motions
and if the motions had merit, the Amended Complaint would be
dismissed with prejudice.  (Docket No. 33.)  Therefore, because
the motions have merit, the causes of action at issue on these
motions should be dismissed with prejudice.  It is unnecessary
to reach the defendants' argument that the Amended Complaint
should be dismissed pursuant to the principle of abstention
because there is a substantially identical action pending in
state court.  Cf. Colorado River Water Conservation Dist. v.
United States, 424 U.S. 800 (1976).


                              VI

     The individual defendants have made cross-motions for
sanctions under Rule 11 and Sullivan County has indicated that

it may file such a motion in the near future.  It is unnecessary
to explore the substantive merits of the cross-motions because
the cross-motions should be denied for failure to comply with
Rule 11.  Rule 11 provides that "a motion for sanctions must be
made separately from any other motion[.]"  Fed. R. Civ. P.
11(c)(2).  The individual defendants, contrary to the rule,
included the motions for sanctions within their motion papers on
the motions to dismiss.  Moreover, a party moving for sanctions
must first serve the motion on the plaintiff and withhold from
filing it with the Court for 21 days to allow the plaintiff to
withdraw the challenged claim.  The defendants do not represent
that they have complied with that requirement.

Therefore, the individual defendants' motions for sanctions
are denied without prejudice.  It is unclear if the individual
defendants could satisfy the requirements of Rule 11, but the
Court need not reach that issue because the individual
defendants have thus far failed to comply with Rule 11.


VII

There appears to be a pending cross-motion by the
plaintiffs for leave to serve their Amended Complaint nunc pro
tunc.  The Court has considered the Amended Complaint and the
Court's decision is directed toward the Amended Complaint.  The
Amended Complaint appears to have been filed.  Moreover, it is

manifest from the defendants' submissions that their motions to dismiss were directed toward the Amended Complaint.  Therefore the motion to serve the Amended Complaint nunc pro tunc is denied as moot.


                            CONCLUSION

     For all of the foregoing reasons, the defendants' motions to dismiss are **granted**.  The first, second, third and sixth causes of action in the Amended Complaint, and the seventh cause of action to the extent it purports to assert federal claims, are **dismissed with prejudice**.  The individual defendants' cross-motions for sanctions are **denied without prejudice.**  The Court declines to exercise supplemental jurisdiction over the remaining state law claims against the defendants.  The Clerk is directed to close Docket Nos. 9, 11, and 12.  The Amended Complaint will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure against the remaining individual defendants who were not parties to these motions to dismiss – Phillip Nicoletti and Richard Caraluzzo –

and this case will be closed in its entirety, unless the

plaintiffs serve the Amended Complaint on those defendants and

file proof of service by **August 28, 2009.**

SO ORDERED.

Dated:    New York, New York
          July 31, 2009

                              John G. Koeltl
                          United States District Judge

34